United States District Court
Southern District of Texas
**ENTERED**
September 18, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| YALEDIS MEDELL HERNANDEZ, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:26-CV-00382 |
| | § | |
| ORLANDO PEREZ, *et al.*, | § | |
| | § | |
| Respondents. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER GRANTING RESPONDENTS' MOTION FOR SUMMARY JUDGMENT**

Before the Court is Petitioner Yaledis Medell Hernandez's petition for writ of habeas corpus. (D.E. 1). In response, the Government moves for summary judgment. (DE. 8).[1] Because the Court finds Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) and that her ongoing detention does not violate her limited due process rights or the Administrative Procedure Act, the Court **GRANTS** the Government's motion for summary judgment, (D.E. 8), and **DENIES** Petitioner's petition. (D.E. 1). The Court further **DENIES as moot** any remaining pending motions.

## I. Background

Petitioner, a citizen of Cuba, entered the United States in 2023. (D.E. 1, p. 1, 4). She was subsequently apprehended by the Department of Homeland Security (DHS) in 2024. (D.E. 8-2). DHS issued Petitioner a Notice to Appear, placing her in removal proceedings. (D.E. 1-1).

[1] Todd Blanche, the current United States Attorney General, is automatically substituted for Defendant Pamela Bondi under Federal Rule of Civil Procedure 25(d). Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name[.]").

Petitioner's applications for asylum and withholding of removal were subsequently denied. (D.E. 8-3, p. 3). Petitioner was later ordered removed. *Id.* Petitioner's removal order is not yet final because she filed an appeal to the Board of Immigration Appeals, which remains pending. (D.E. 8-4). Petitioner is currently in immigration custody as an applicant for admission to the United States. *See generally* (D.E. 1); (D.E. 8).

Petitioner asserts that her detention without a bond hearing under 8 U.S.C. § 1225(b) violates her Fifth Amendment due process rights, (D.E. 1, p. 10), and the Administrative Procedure Act. *Id.* at 9–10. In response, the Government moves for summary judgment. (D.E. 8). It contends that no bond hearing is required because Petitioner is an "applicant for admission" under § 1225(b), which requires mandatory detention during removal proceedings. *Id.* at 2–11.

## II. Law & Analysis

### A. Habeas Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). Under 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including those in immigration detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). "A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law." *Cabanas v. Bondi*, No. 4:25-CV-04830, 2025 WL 3171331, at *2 (S.D. Tex. Nov. 13, 2025) (Eskridge, J.) (citations omitted) (citation modified). "If a district court entertains a *habeas* petition, then it must either award the writ or order the respondent to show cause as to why the writ should not be granted, unless it is apparent from the application that the petitioner is not entitled to the requested relief." *Id.* (citations omitted); *see also* 28 U.S.C. § 2243.

**B. Summary Judgment Standard**

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000) (citations omitted). Rule 56 states: "The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**C. Section 1225**

The Fifth Circuit in *Buenrostro-Mendez v. Bondi* recently held that aliens who are present in the United States without previously being admitted by immigration authorities—commonly referred to as "applicants for admission"—must be detained under the Immigration and Nationality Act. 166 F.4th 494 (5th Cir. 2026).

8 U.S.C. § 1225 governs the inspection, detention, and removal of aliens seeking admission into the United States. Section 1225(a)(1) states

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes of this chapter an applicant for admission.

8 U.S.C. § 1225(a)(1).

In § 1225(b)(2)(A), Congress expressly provided for the detention of applicants for admission:

> [I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A). To the extent Petitioner contends she is not subject to mandatory detention on statutory grounds, the Court finds that argument is foreclosed by 8 U.S.C. § 1225(b) and the Fifth Circuit's *Buenrostro-Mendez* decision.

**D. *Rodriguez* Stay Order**

The Fifth Circuit's recent stay order in *Sosnava Rodriguez v. Ortega* does not alter the Court's analysis. With reference to limitations imposed by the Fifth Amendment's Due Process Clause, in *Sosnava Rodriguez v. Ortega*, a Fifth Circuit panel held "that the Fifth Amendment protects resident aliens from unreasoned, indefinite detention," concluding "that the Government may detain aliens under Section 1225(b)(2)(A) for ninety days but no longer for a bond hearing." *Sosnava Rodriguez v. Ortega*, 180 F.4th 702, 725, 727–28 (5th Cir. 2026), *reh'g en banc granted, opinion vacated*, 181 F.4th 608 (5th Cir. 2026) (per curiam). That panel upheld the district courts' grants of habeas relief and explained that it saw "no reason to have any of the three detained again to serve additional time prior to a removal order." *Id.* at 728. The full Fifth Circuit subsequently granted rehearing en banc, vacated the panel opinion, and granted the Government's motion to stay the district court judgments pending rehearing. *Sosnava Rodriguez*, 181 F.4th at 609. As such, the *Rodriguez* decision is presently "of no precedential value." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 468 (5th Cir. 2013).

**E. Due Process**

The Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. This guarantee applies to every person, regardless of their immigration status. *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."). Due process encompasses both procedural and substantive rights. Procedural due process is designed to ensure fairness in government

decisions "[b]y requiring the government to follow appropriate procedures when its agents decide to 'deprive any person of life, liberty, or property.'" *Daniels v. Williams*, 474 U.S. 327, 331 (1986). Substantive due process "bar[s] certain government actions regardless of the fairness of the procedures used to implement them." *Id.*

Petitioner contends her ongoing detention violates her Fifth Amendment due process rights. (D.E. 1, p. 5–8, 10). It is unclear whether Petitioner's petition asserts a substantive or procedural due process violation. *See generally id.* Nevertheless, out of an abundance of caution, the Court addresses both.

*i. Substantive*

Petitioner's detention without a bond hearing does not violate substantive due process. Substantive due process encompasses only "those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition." *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997). Although aliens present in the United States do possess some due process rights, *see, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025), the Supreme Court has long upheld the constitutionality of executive immigration policies and procedures. This includes "recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens." *Dep't of State v. Muñoz*, 602 U.S. 899, 911–12 (2024). Because of that, "Congress regularly makes rules that would be unacceptable if applied to citizens." *Mathews v. Diaz*, 426 U.S. 67, 79–80 (1976).

This authority extends to immigration detention. In *Demore v. Kim*, the Supreme Court acknowledged "that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). The Court clarified that "detention during deportation proceedings" is a "constitutionally valid aspect of the deportation process." *Id.* "[W]hen the Government deals with deportable aliens, the Due

Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Id.* at 528. Thus, it logically follows that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 526.

To the extent Petitioner relies on *Zadvydas*, (D.E. 1, p. 7–8, 10), the Court finds it inapplicable in this context. In *Zadvydas*, the Supreme Court distinguished between post-removal detention versus detention pending a determination of removability. 533 U.S. at 697. The Court held that such detention becomes unlawful once removal is no longer reasonably foreseeable because "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Id.* at 699. The decision, by its terms, only applies to post-removal detention. *See id.* The decision "has no direct application to aliens detained and being given due process during [ongoing] removal proceedings." *Buenrostro-Mendez*, 166 F.4th at 508. "[T]he constitutional concerns of indefinite detention raised in the post-final-removal-order context are not equally present when removal proceedings remain pending and will eventually conclude." *Garcia Hernandez v. Anda-Ybarra*, No. 26-CV-318, 2026 WL 560337, at *2 (W.D. Tex. Feb. 13, 2026) (Cardone, J.) (citing *Zadvydas*, 533 U.S. at 697).

Because Petitioner's detention is a "constitutionally valid aspect of the deportation process," *Demore*, 538 U.S. at 306, the Court finds her ongoing detention without a bond hearing does not violate her substantive due process rights. *See Diaz Patino v. Villegas*, No. 1:25-CV-276, 2026 WL673166, at *3 (N.D. Tex. Mar. 9, 2026) (Hendrix, J.); *Garcia De La Cruz v. Bondi*, Civ. No. H-25-5577, 2026 WL 309939, at *2 (S.D. Tex. Feb. 5, 2026) (Lake, J.).

*ii. Procedural*

Petitioner's detention without a bond hearing also does not violate procedural due process. At the outset, the Court declines to apply the *Mathews v. Eldridge*, 424 U.S. 319 (1976), test in this context. The "Supreme Court when confronted with constitutional challenges to immigration

detention has not resolved them through express application of *Mathews*." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

In *Landon v. Plascencia*, the Supreme Court explained that the *Mathews* balancing test was appropriate for "long-time lawful permanent resident[s]" in contrast to "detentions of aliens at the border or returning lawful permanent residents who had spent time abroad." 459 U.S. 21, 32–34 (1982). Aliens in the former category have "gain[ed] admission to our country and [have begun] to develop the ties that go with permanent residence," warranting a level of due process more akin to that of a citizen. *Id.* at 32. In the latter category, aliens are not entitled to a heightened level of due process protection. *Id.*; *DHS v. Thuraissigiam*, 591 U.S. 103, 138–39 (2020) ("Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned."). "[A]liens who arrive at ports of entry—even those paroled elsewhere in the country for years pending removal—are treated for due process purposes as if stopped at the border." *Thuraissigiam*, 591 U.S. at 139; *see* 8 U.S.C. § 1182(d)(5)(A). As such, applying *Mathews* is unwarranted here.

Because Petitioner is an "applicant for admission," and has not yet "gain[ed] admission to our country," she is entitled to only the "limited form of process" Congress has provided by statute. *Ladak v. Noem*, 814 F. Supp. 3d 712, 726 (N.D. Tex. Dec. 30, 2025) (Hendrix, J.); *Thuraissigiam*, 591 U.S. at 140. Under § 1225, Congress articulated the procedural rights afforded to aliens who are present in the United States without admission. Section 1225(b) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings v. Rodriguez*, 583 U.S. 281, 297 2018). This statute does not "say[] anything whatsoever about [requiring] bond hearings." *Id.* Petitioner "only has those rights regarding admission that Congress has provided by statute[,]" which does not include a bond hearing. *Cai v. Warden, Montgomery Processing Ctr.*,

Civ. No. H-26-2764, 2026 WL 1625313, at *1 (S.D. Tex. June 5, 2026) (Lake, J.). Because Petitioner is not statutorily entitled to a bond hearing, her ongoing detention without one does not violate procedural due process.

**F. Administrative Procedure Act**

Petitioner contends her ongoing detention under § 1225(b) violates the APA because it is arbitrary, capricious, and not in accordance with the law. (D.E. 1, p. 9–10). Section 704 of the APA states that "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. Under this provision, a plaintiff is entitled to relief under the APA only when no other remedy exists. Because Petitioner maintains the ability to challenge her detention by filing a writ of habeas corpus, an adequate remedy exists. As the Supreme Court explained, "where an alien detainee's claims 'necessarily imply the invalidity of their confinement' these claims must be brought in habeas." *J.G.G.*, 604 U.S. at 672. Accordingly, the APA does not provide for judicial review of Petitioner's habeas claim.

## III. Conclusion

Petitioner is an "applicant for admission" and remains properly detained without bond under § 1225(b). Accordingly, the Court **DENIES** Petitioner's writ of habeas corpus, (D.E. 1), and **GRANTS** the Government's motion for summary judgment. (D.E. 8).

The Court will enter a final judgment separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
September 18th, 2026